Brooke, P.
This case turns on the question, whether the hustings court erred in refusing to discharge Hawkins, the appearance bail? The motion was put, in that court, on the ground, that no sufficient affidavit had been filed in the case, to authorise the alderman’s order requiring bail. It is not necessary to decide, whether the justice must have a written affidavit to justify his requiring bail? nor, whether that affidavit must be filed? The term affidavit in the statute, imports an oath in writing; but the statute is silent as to the filing. There are two other grounds, on which, I think, the judgment must be affirmed.
1. The objection could not be taken on motion; since it involved matters aliunde and not on the face of the record. It could only be made on a rule to shew cause why the bail should not be discharged, on the return of which the other party might be prepared to shew the affidavit, and that it was a proper one, in the terms of the statute.
2. The objection came too late; being made two years after the writ of inquiry, and (it appears) after the defendant had left the state. In Desborough v. Copinger, the objection to the affidavit was held to be too late after the writ of inquiry.
On these grounds the judgment is to be affirmed.